Mr. Larry E. Crane, Director Arkansas Assessment Coordination Division 1614 West Third Little Rock, Arkansas 72201
Dear Mr. Crane:
This is in response to your request for an opinion on two questions concerning an interpretation of Amendment 59 to the Arkansas Constitution. Specifically, you state that your questions refer to "the personal property interim millage adjustment (rollback) under A.C.A. 26-26-405, when the makeup of the real estate millage changes in a school election before equalization". Your questions are as follows:
 What would be the result in each example under current interpretation of Clerk v. Union Pacific and Newark School District v. Crane?
 Example 1: A 20 year school bond issue pays out and the accompanying millage levy expires, and the school elect s to transfer the millage from debt service to maintenance and operation or to a different debt service bond issue.
 Example 2: In year 15 of a 20 year bond issue, a school elects to issue additional bonds and extend the term of the debt service to 20 years (15 additional years).
 In either, or both of these examples, should the County Clerk (or administrator of the personal property interim millage adjustment process) delete the expiring millage and associated base year revenues from the school personal property millage rate before completing the rollback, or should the County Clerk adjust the personal property millage rate structure to reflect the millage transfer and then complete the rollback with base year revenues intact?
You have asked for our opinion on an expedited basis, due to the fact that tax rates must be set by November 27 for at least some school districts. We have thus undertaken as complete a review of the legal issues presented as this abbreviated time schedule allows. Our conclusions, based upon this summary review, are stated below.
It is my opinion that the answer to your question is the latter of the two alternatives you have noted in your request. The county clerk should adjust the personal property millage rate structure to reflect the millage transfer and then complete the rollback with base year revenues intact.
Your question implicates both Clark v. Union Pacific Railroad Company, 294 Ark. 586, 756 S.W.2d 600 (1988) and Crane v. Newark School District No. 33, (Arkansas Supreme Court Opinion No. 89-354 delivered November 19, 1990.) We will assume that there has been an election to transfer or extend the millages you describe.
The court noted in the Crane decision that "[t]he statutory scheme of implementation of the amendment is that the revenue figure of the base year will remain frozen . . . ." Crane at 3. It is our opinion, that associated base year revenues from a transferred school bond levy should not be deleted from the rollback calculation. Additionally, we have not found any separate statutory or case law authority for this action. We thus reject the first alternative you have posed in your request. It X be argued, however, that if a millage which was formerly applied to one purpose is not transferred to another purpose, or extended, a "new levy" is being applied, and thus according to Clark v. Union Pacific Railroad, this "new levy" cannot be applied to personal property as suggested by the second alternative you have noted. It is my opinion, however, that the Clark case is distinguishable from the facts at hand. In Clark, the court stated clearly that "[t]he question in this case is whether a new millage passed after Amendment 59 was implemented can be collected against personal property. The answer is no." 294 Ark. at 587. The question you have raised does not involve a "new millage passed after Amendment 59 was implemented". The millage involved in your question existed at the time of implementation of Amendment 59 and is now being transferred to a different purpose. It is not, in my opinion, a "new levy" as contemplated in Clark. Additionally, the court in Clark based its conclusion on the following language:
 Amendment 59 provides that the amount of revenue derived from personal property cannot be increased until the rates for real and personal property equalize. It is undisputed that application of the new millage to personal property would increase the revenue collected.
294 Ark. at 587.
The same is not true of the transferred or extended millages about which you inquire. Application of these millages to personal property does not increase the revenue received from personal property.
Sincerely,
RON FIELDS Attorney General
RF:arb